# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES R. MULLINS, JR., et al.,

                Plaintiffs,    :    Case No. 3:16-cv-137

                                        District Judge Walter Herbert Rice
- vs -                               Magistrate Judge Michael R. Merz

PENNYMAC LOAN SERVICES, LLC,
 Et al.,

                Defendants.    :

## REPORT AND RECOMMENDATIONS

      This case is before the Court on Motion of the Plaintiffs for an ex parte Temporary Restraining Order (ECF No. 4). The Mullins' are proceeding *pro se* in this case, to the matter is referred to the undersigned pursuant to the Dayton General Order of Assignment and Reference (General Order Day 13-01, available on the Court's website at www.ohsd.uscourts.gov.)

      Plaintiffs seek "an order restraining and enjoining Defendants from proceeding with the removal of the Plaintiffs from the Subject property until this matter can be resol ved on the merits." *Id.* at PageID 139.

      Fed. R. Civ. P. 65(b)(1) governs issuance of temporary restraining orders without notice (i.e. ex parte). It provides:

> The court may issue a temporary restraining order without written
> or oral notice to the adverse party or its attorney only if:

1

>(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Federal law strongly discourages issuance of orders ex parte because doing so interferes with the due process rights of other parties to the case.  The United States District Court for the Southern District of Ohio has therefore adopted a local rule that limits consideration of such motions.  S. D. Ohio Civ. R. 65.1 provides that the Court in most cases will not hear or rule on a motion for temporary restraining order until after an informal conference among all the parties.  The moving party must obtain a time for such a hearing from the presiding judge and notify counsel for the adverse parties.  A motion for temporary restraining order must contain a certificate that the motion and all other filings in the case have been served on other parties or "the reasons, in (sworn) affidavit form, why such service cannot be made.

Plaintiff's Motion does not comply formally with either Fed. R. Civ. P. 65 or S. D. Ohio Civ. R. 65.1.  In particular the Motion does not describe any efforts made to contact the adverse parties.

Apart from the formal deficiencies of the Motion, it suffers from substantive difficulties as well.  As Plaintiffs somewhat indicate in the Motion, this case arises out of a foreclosure action in the Preble County Common Pleas Court, Case No. 09CV027935[1] in which James R.

---

[1] Facts about the Preble County case are taken from the electronic docket for the case, available at pa.preblecountyohio.net   Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *United States ex rel Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *Graham v. Smith*, 292 F. Supp. 2d 153, 155, n.2 (D. Me. 2003); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 (E.D. Mich. 2004).

Mullins, Jr., and his unknown spouse, presumably Plaintiff Kathleen Mullins, were Defendants and the subject property was 115 West Somers Street, Eaton, Ohio, the address that Plaintiffs give as their current address.  Plaintiffs have been actively involved in that lawsuit since at least March 7, 2012, when they filed a countersuit.  On December 3, 2013, Judge Abruzzo entered judgment against Defendants in the amount of $93,861.93 and for foreclosure.  On January 22, 2016, the Preble County court issued an order of sale and that Order was returned as executed on April 11, 2016 with the buyer being Defendant Pennymac Loan Services LLC.  Thus to the extent Plaintiffs seeks to have this Court enjoin that Defendant from taking possession of the property, they seek to have us interfere with the judgment of the Preble County Common Pleas Court.

When a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court.  *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923);  *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985).

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress.  *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated.  *Turner v.*

*President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799).  Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it.  *Bingham v. Cabot,* 3 U.S. 382 (1798).  The burden of proof is on the party asserting jurisdiction if it is challenged.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935).  A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908);  *Capron v. Van Noorden*, 6 U.S. 126 (1804);  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

It may be that this Court has subject matter jurisdiction over other claims raised by the Plaintiffs.  The appropriate time to determine that will be after the Defendants have been served with process and have an opportunity to respond to the Complaint.  But this Court has no jurisdiction to interfere with the judgment of the Preble County Common Pleas Court.  At least as to that claim, Plaintiffs fails on the first prong of the test for preliminary injunctive relief, likely success on the merits.  See *Winter v. National Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008); *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th  Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989);  *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985);  *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985).

**Conclusion**

For the foregoing procedural and substantive reasons, the Motion for Ex Parte Temporary Restraining Order should be DENIED.

April 27, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).