IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES R. MULLINS, JR., et al.,

                Plaintiffs,    :    Case No. 3:16-cv-137

                                                      District Judge Walter Herbert Rice
   - vs -                                 Magistrate Judge Michael R. Merz

PENNYMAC LOAN SERVICES, LLC,
 Et al.,

                Defendants.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion to Dismiss of Defendants Pennymac Loan Services, LLC; Mortgage Electronic Registration Systems, Inc.; and Deutsche Bank National Trust Company (collectively "PennyMac Defendants") (ECF No. 14). Plaintiffs oppose the Motion (ECF No. 32) and the PennyMac Defendants have filed a Reply in support (ECF No. 35).

The case has been assigned randomly to the undersigned referred automatically under this Court's General Order of Assignment and Reference, Day 13-01, because the Plaintiffs are proceeding pro se. A motion to dismiss involuntarily is a dispositive motion on which a Magistrate Judge must file a report and recommended disposition under 28 U.S.C. § 636(b).

Plaintiffs filed their Complaint April 14, 2016, listing eight  named Defendants, all persons claiming any interest in the real property at 115 West Somers Street in Eaton, Ohio, and

1

100 pseudonymous Defendants. After pleading purported subject matter and personal jurisdiction and describing the identity of the Defendants, the Complaint recites twenty pages of "Background Facts (ECF No. 2, PageID 84-2013[1]). Plaintiffs then purport to plead fifteen claims for relief, listed as First through Fifteenth Counts. *Id.* at PageID 103-27. Each Count begins "Plaintiffs incorporate all other paragraphs in this Complaint as though fully written here." See,e.g, ¶ 141, 267.

The Pennymac Defendants bring their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), asserting that the Complaint does not state a claim against them on which relief can be granted.

"The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he

---

[1] The Pennymac Defendants' Motion repeatedly refers to the Complaint as "D.E. 1, ¶ ___." Presumably "D.E." is an abbreviation for "Docket Entry." However the Complaint appears on the docket as no. 2. While references to paragraph numbers in the Complaint are easy to follow, the attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. or ECF No. 27, PageID ___.) Correct citation to the record is critical to judicial economy. Therefore, future nonconforming filings will be stricken.

> pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at

> 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *citing League of United Latin Am. Citizens. v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(stating allegations in a complaint "must do more than create speculative or suspicion of a legally cognizable cause of action; they must show entitlement to relief"); *see further Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009), *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046 (6th Cir. 2011) (holding a plaintiff is not entitled to discovery to obtain the necessary plausible facts to plead.)

Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. ... Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-630 (6th Cir. 2009).

# Analysis

**Count One:  Fair Credit Reporting Act**

Plaintiffs assert in Count One that PennyMac violated the Fair Credit Reporting Act ("FCRA")(Complaint, ECF No. 2, ¶¶ 141-46, PageID 103-04.)  Pennymac claims that Count One does not state a claim against it upon which relief can be granted under the FCRA because liability under that Act does not arise until a credit reporting agency provides notice to a furnisher of credit information that information they have furnished is disputed by the subject of the information (Motion, ECF No. 14, PageID 185, citing *Brown v. Wal-Mart Stores, Inc.*, 507 Fed. Appx. 543 (6th Cir. 2012). Brown does stand for the proposition for which it is cited.  The Sixth Circuit there held:

> A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615-16 (6th Cir. 2012). Directly contacting the furnisher of credit information does not actuate the furnisher's obligation to investigate a complaint. *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

*Id.* at 547.  Plaintiffs make no response to this cited authority and point to no place in the Complaint where they have in fact stated a claim for relief under the FCRA as interpreted by the Sixth Circuit.  Count One should therefore be dismissed.

**Count Two: Mail Fraud and Wire Fraud**

In Count Two Plaintiffs assert PennyMac violated 18 U.S.C. §§ 1341 and 1343 by committing respectively mail fraud and wire fraud (Complaint, ECF No. 2, ¶¶ 147-50, PageID 104-05.)

The statutes in question proscribe criminal conduct against the people of the United States. Criminal claims for violation of Title 18 of the United States Code must be brought and prosecuted by the United States Government. As the Pennymac Defendants point out, the Plaintiffs are not federal prosecutors and no court has held that the statutes in question create a private cause of action. Count Two should therefore be dismissed.

**Count Three: Fair Debt Collection Practices Act**

In Count Three, Plaintiffs assert PennyMac is liable to them under the Fair Debt Collection Practices Act ("FDCPA")(Complaint, ECF No. 2, ¶¶ 151-69, PageID 105-09. PennyMac moves to dismiss on the grounds that Plaintiffs allege it is a creditor (*Id.* at ¶ 11) and creditors are not covered by the FDCPA (Motion, ECF No. 14, PageID 1187). Plaintiffs opposition to the Motion does not repudiate the allegation of the Complaint that PennyMac is a creditor (ECF No. 32, PageID 335). On that basis, PdennyMac is entitled to dismissal of Count Three.

**Count Four: Federal Trade Commission Act**

In Count Four Plaintiffs alleged PennyMac violated 15 U.S.C. § 45, which Plaintiffs refer to as the Federal Trade Act, but which is properly called the Federal Trade Commission Act. See 15 U.S.C. § 41. (Complaint, ECF No. 2, ¶¶ 170-93, PageID 108-12).  PennyMac seeks dismissal because this statute does not give rise to a private right of action (Motion, ECF No. 14, PageID 189-90).  Plaintiffs make no response and PennyMac's position is well taken.  Count Four should be dismissed.

**Count Five:  Fraud**

In Count Five Plaintiffs allege PennyMac defrauded them (Complaint, ECF No. 2, ¶¶ 194-05, PageID 112-15.)  This is a common law claim which arises under Ohio law.  A federal court exercising supplemental or diversity subject matter jurisdiction over state law claims must apply state substantive law to those claims.  28 U.S.C. § 1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States).  In applying state law, the Sixth Circuit follows the law of the State as announced by that State's supreme court. *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008); *Ray Industries, Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 758 (6th Cir. 1992); *Miles v. Kohli & Kaliher Assocs.,* 917 F.2d 235, 241 (6th Cir. 1990).

Under Fed. R. Civ. P. 9(b), a fraud plaintiff must plead the time, place, and contents of any misrepresentation.  *Bender v. Southland Corp.*, 749 F.2d 1205 (6th Cir. 1984).  The elements of an action in actual fraud in Ohio are (a) a representation or, where there is a duty to disclose,

8

concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.  *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54 (1987), *citing Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St. 3d 69 ¶2 of the syllabus (1986); and *Cohen v. Lamko, Inc*., 10 Ohio St. 3d 167 (1984).

The allegations made against PennyMac in Count Five are that "they tried to fraud the Plaintiffs on the second modification in that they refused to notarize their offer, instead marked a big red X through the whole page." (Complaint, ECF No. 2, ¶ 201, PageID 114.)  Whatever notary public Plaintiffs asked to notarize their signature on Plaintiffs' acceptance of the offer refused to do so and asked Plaintiffs to send the loan modification papers back to PennyMac "requesting their notarization to make the paperwork legal and then they would notarize the documents.  When Plaintffs did as suggest [sic] PennyMac sent a letter to them stating they failed to return the modification papers and have been denied."  *Id.*   That does not amount to an allegation of common law fraud.  It does not give time and date.  Although presumably Plaintiffs could furnish that data, they did not do so in their Answer to the Motion (ECF No. 32, PageID 336).

Construing this portion of the Complaint most favorably to the Plaintiffs, they seem to be saying it was fraudulent of PennyMac to send them a loan modification offer and request that they have their signatures on the acceptance notarized when PennyMac itself had not had its signatures on the offer notarized.  That is simply not actionable fraud.  Count Five should be dismissed.

9

**Count Six:  Negligence**

In their Sixth Count Plaintiffs allege PennyMac had a common law duty to maintain accurate loan records and carry out other incidents to serving the loan account and did not fulfill that duty (Complaint, ECF No. 2, ¶¶ 206-15).

PennyMac seeks dismissal on the grounds its relationship with Plaintiffs was contractual in nature and Ohio law does not permit pursuing a tort action under those circumstances (Motion, ECF No. 14, PageID 191-92.)  PennyMac relies on *Wells Fargo Bank, N.A. v. Favino*, No. 1:10-cv-571, 2011 U/.S. Dist. LEXIS 35618 (N. D. Ohio Mar. 31, 2011).  In that case Judge Solomon Oliver dismissed, on a 12(b)(6) motion, a tort counterclaim against Wells Fargo, holding

> a claim that a bank is negligently administering a loan is an action in contract and not a tort action, since any duties the bank has arise out of contract, from the framework of the loan agreement. *See Nichols v. Chicago Title Ins. Co.*, 107 Ohio App. 3d 684, 669 N.E.2d 323, 332 (Ohio App. 1995). The Sixth Circuit has stated that "under Ohio law, the existence of a contract action generally excludes the opportunity to present the same case as a tort claim." *Wolfe v. Continental Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981).

*Id.* at *41.

In their response to this part of the Motion to Dismiss, Plaintiffs wrote only as follows: In their complaint the Plaintiffs, laid out numerous acts of negligence by the Defendants'.

> In their complaint, the Plaintiffs laid out numerous acts of negligence.  This complaint and civil suit isn't just about "paperwork." This isn't about a loan being administered either. The loan was already in existence. This is a matter of the Defendants owing a duty to the Plaintiffs to act in a reasonable way; clear of misrepresentation, deceit and fraud.

(Answer, ECF No. 32, PageID 336.) This amounts to saying to the Court: "It's all there, Judge; all you have to do is find it." What acts of negligence against which Defendants? The Complaint is fifty-four pages long. A plaintiff who asserts that he has already pleaded acts of negligence ought to be able to point to where he says he did that.

In a way, however, Plaintiffs' response proves PennyMac's point. Under Ohio law if parties duties to one another are a matter of contract, the law does not allow a tort claim for negligence in the way those duties are carried out. There is indeed a duty for people to act reasonably toward one another which is enforced by the tort action for negligence, but once parties have put their relationship into a contractual package, suit must be based on the contract, and not on tort.

Therefore Count Six should be dismissed.

**Count Seven: Cancellation of a Voidable Contract**

In Count Seven Plaintiffs seek a declaration that the "deed of trust by MERS is void." (Complaint, ECF No. 2, ¶¶ 216-25. PageID 118-19).

Defendant MERS seeks dismissal under the Rooker-Feldman Doctrine, among other defenses. Plaintiffs respond that they are not seeking to re-litigate the foreclosure, but only the "fraud and other illegal behaviors that was [sic] performed during the process." (Answer, ECF No. 32, PageID 337).

When a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United

11

States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985).

The *Rooker-Feldman* doctrine bars relitigation of claims actually raised in state-court proceedings as well as claims that are inextricably intertwined with claims asserted in those proceedings. *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998). In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction. *Pieper v. American Arbitration Assn., Inc*., 336 F.3d 458 (6th Cir. 2003)(Moore, J.), quoting *Catz*: "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."

Because Count Seven asserts that the assignment was fraudulent, Count Seven is not barred by *Rooker-Feldman*.

Defendant MERS also asserts Count Seven is barred by *res judicata* in that the claim was or could have been litigated in the state foreclosure action. Plaintiffs response merely asserts *res judicata* does not apply without making any argument on the point (ECF No. 32, PageID 337).

Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738, *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985); *Migra v. Warren City School District Board of Edn.,* 465 U.S. 75 (1984); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County,* 519 F.3d 285 (6th Cir. 2008),

citing *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.,* 888 F.2d 270 (3d Cir. 1989).  A federal court may not enjoin state court proceedings in favor of a prevailing federal party when the issue of the *res judicata* effect of a prior federal court decision has been fully adjudicated in the state courts;  the federal court must defer to the state court's interpretation of *res judicata*. *Parsons Steel, Inc. v. First Alabama Bank*,  474 U.S. 518, 106 S. Ct. 768, 88 L. Ed. 2d 877 (1986).

> Under Ohio law:
>> A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.

*Grava v. Parkman Twp*., 73 Ohio St. 3d 379 (1995), syllabus. (Paragraph two of the syllabus of *Norwood v. MacDonald,* 142 Ohio St. 299 (1943), overruled; paragraph two of the syllabus of *Whitehead v. Gen. Tel. Co*., 20 Ohio St. 2d 108 (1969), overruled to the extent inconsistent herewith; paragraph one of the syllabus of *Norwood, supra*, and paragraph one of the syllabus of *Whitehead, supra,* modified; 1 Restatement of the Law 2d, Judgments (1982), §§ 24-25, approved and adopted.)

This Court has recognized that the relevant Ohio claim preclusion doctrine is set forth in *Grava v. Parkman Twp*., 73 Ohio St. 3d 379 (1995):

> In Ohio, a party seeking to invoke the doctrine of *res judicata* must prove four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction;(2) a second action involving the same parties or their privies, as the first;(3) a second action raising claims that were or could have been litigated in the first action; and(4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Ater v. Follrod,* 238 F. Supp. 2d 928, 937 (S.D. Ohio 2002)(Holschuh, J.), *quoting In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999)(construing Ohio law).

MERS asserts and Plaintiffs do not deny that the issue of the validity of the MERS assignment could have been and indeed was litigated in the foreclosure action. Therefore relitigation of that issue is barred. Count VII should be dismissed.

**Count Eight:  Cancellation of the Sheriff's Deed Upon Sale**

Count Eight should also be dismissed on the same basis as Count Seven, to wit, the claim is barred by *res judicata.*

**Count Nine:  Cancellation of the Assignment of the Deed of Trust**

Count Nine should be dismissed on the same basis as Counts Seven and Eight.

**Count Ten:  Wrongful Foreclosure**

This Court lacks jurisdiction to consider Count Ten under the *Rooker-Feldman* Doctrine as outline above and also on the basis of *res judicata.* Count Ten should therefore be dismissed.

**Count Eleven:  Breach of the Implied Covenant of Good Faith and Fair Dealing**

In Count Eleven Plaintiffs allege PennyMac and MERS are liable to them for breach of an implied covenant of good faith and fair dealing (Complaint, ECF No. 2, ¶¶ 241-47, PageID 122-23.) Those two Defendants seek dismissal on the ground the Plaintiffs have not pled a breach of contract and Ohio law does not recognize an action for breach of a covenant of good faith and fair dealing apart from a breach of contract claim (Motion, ECF No. 14, PageID 198-99.) Plaintiffs make no response and their Count Eleven should therefore be dismissed on the basis asserted by MERS and PennyMac.

**Count Twelve:  Violation of the RICO Act**

In Count Twelve Plaintiffs assert the PennyMac Defendants are liable to them under the Racketeer Influenced and Corrupt Organizations Act (Complaint, ECF No. 2, ¶¶ 248-56, PageID 123-24.)  The PennyMac Defendants seek dismissal on the ground that Plaintiffs have not sufficiently alleged the elements of a RICO claim (Motion, ECF No. 14, PageID 199-202.)  In their response, Plaintiffs do not reference any allegations of predicate acts against any of the PennyMac Defendants (See Answer, ECF No. 32, PageID 337-40).  Therefore Count Twelve should be dismissed as to the PennyMac Defendants.

**Count Thirteen:  Unjust Enrichment**

In Count Thirteen Plaintiffs seek recovery from the "Foreclosing Defendants"[2] on grounds that their "wrongful acts and omissions" have unjustly enriched them at Plaintiffs' expense.  Defendants assert that Plaintiffs have not properly pled a claim for unjust enrichment.  Plaintiffs make no response.

> Unjust enrichment occurs when a person "has and retains money or benefits which in justice and equity belong to another," *Hummel v. Hummel* (1938), 133 Ohio St. 520, 528, 11 O.O. 221, 14 N.E.2d 923, while restitution is the "common-law remedy designed to prevent one from retaining property to which he is not justly entitled," *Keco Industries, Inc. v. Cincinnati & Suburban Bell Tel. Co.* (1957), 166 Ohio St. 254, 256, 2 O.O.2d 85, 141 N.E.2d 465. To establish a claim for restitution, therefore, a party must demonstrate "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298.

*Johnson v. Microsoft Corp.,* 106 Ohio St. 3d 278, 286 (2005).  Plaintiffs' Complaint does not properly plead an unjust enrichment claim under Ohio law and should be dismissed.

**Count Fourteen:  Action to Quiet Title**

In Count Fourteen, Plaintiffs seek to have this Court quiet title to the real property in question.  Under the Rooker Feldman Doctrine, this Court may not exercise jurisdiction over

---

[2] Although capitalized as if it were a defined term in the pleading, the term "Foreclosing Defendants" has not been defined.  For purposes of the instant Motion, the Court assumes without deciding that it includes the PennyMac Defendants.

such a claim when the property has been the subject of a state court foreclosure action which has reached final judgment.

**Count Fifteen:  Declaratory Judgment**

In Count Fifteen, Plaintiffs seeks a declaratory judgment "to determine the rights and obligations of the parties under the mortgage loan."  *Rooker-Feldman* deprives this Court of jurisdiction to do so.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Motion to Dismiss of the PennyMac Defendants be GRANTED.

August 11, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).