# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES R. MULLINS, JR., et al.,

                Plaintiffs,      :      Case No. 3:16-cv-137

                                      District Judge Walter Herbert Rice
    -  vs  -                        Magistrate Judge Michael R. Merz

PENNYMAC LOAN SERVICES, LLC,
 Et al.,

                Defendants.      :

## REPORT AND RECOMMENDATIONS

       This case is before the Court on Motion to Dismiss of Defendant Bank of America, N.A. ("Bank of America") (ECF No. 28). Plaintiffs oppose the Motion (ECF No. 32) and Bank of America has filed a Reply in Support (ECF No. 36).

       Bank of America seeks dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on the *Rooker-Feldman* Doctrine (Motion, ECF No. 28, PageID 272-74). It seek dismissal under Fed. R. Civ. P. 12(b)(6) on the basis of the affirmative defense of *res judicata. Id.* at 275-78. Finally, moving under the same rule, it asserts the Complaint fails to state a claim upon which relief can be granted. *Id.* at PageID 278-88.

1

# Analysis

All Defendants in this case have filed Motions to Dismiss separately.  Plaintiffs chose to oppose those Motions in one document, Plaintiffs' Answer to Defendants' Motions to Dismiss (ECF No. 32).  The Magistrate Judge has recently filed a Report and Recommendations on the Motion to Dismiss of the PennyMac Defendants ("PennyMac Report," ECF No. 38).  Rather than repeat the analysis in that Report, the Magistrate Judge will incorporate it by reference here whenever it is applicable.

**Subject Matter Jurisdiction**

Bank of America seeks dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* Doctrine.  That doctrine provides that when a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985).

The *Rooker-Feldman* doctrine bars relitigation of claims actually raised in state-court proceedings as well as claims that are inextricably intertwined with claims asserted in those proceedings. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998). In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other

issues was incorrect, federal courts do not have jurisdiction. *Pieper v. American Arbitration Assn., Inc.,* 336 F.3d 458 (6th Cir. 2003)(Moore, J.), quoting *Catz*: "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."

Bank of America reports that there is a prior judgment of the Preble County Court of Common Pleas in a foreclosure action involving the parties to which *Rooker-Feldman* applies. They attach a final judgment in that case as an exhibit (PageID 290-93).  That judgment has been affirmed on appeal. *BAC Home Loan Servicing, L.P. v. Mullins,* 2014-Ohio-4761, 2014 Ohio App. LEXIS 4639 (12th Dist. Oct. 27, 2014).

Plaintiffs argue *Rooker-Feldman* does not apply because they "are not re-litigating the foreclosure itself but the fraud and various other illegal behaviors that was [sic] performed during the process." (ECF No. 32, PageID 337.)

On the basis of the reasoning given in the PennyMac Report, the Court finds that it lacks subject matter jurisdiction under *Rooker-Feldman* to consider the merits of claims for relief: Counts Eight, Nine, Ten, Fourteen, and Fifteen.

*Res Judicata*

Bank of America also seeks dismissal on the basis of *res judicata,* asserting that Plaintiffs litigated or could have litigated the claims made here in the foreclosure case (Motion, ECF No. 28, PageID 275-78).  Plaintiffs make the same general statement about *res judicata* as they make about *Rooker-Feldman*, although the issues are completely different (ECF No. 32, PageID 337).

Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738, *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985); *Migra v. Warren City School District Board of Edn.*, 465 U.S. 75 (1984); *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County,* 519 F.3d 285 (6th Cir. 2008), citing *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.*, 888 F.2d 270 (3rd Cir. 1989).

Under Ohio law:

> A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.

*Grava v. Parkman Twp.*, 73 Ohio St. 3d 379 (1995), syllabus. (Paragraph two of the syllabus of *Norwood v. MacDonald,* 142 Ohio St. 299 (1943), overruled; paragraph two of the syllabus of *Whitehead v. Gen. Tel. Co.*, 20 Ohio St. 2d 108 (1969), overruled to the extent inconsistent herewith; paragraph one of the syllabus of *Norwood, supra*, and paragraph one of the syllabus of *Whitehead, supra,* modified; 1 Restatement of the Law 2d, Judgments (1982), §§ 24-25, approved and adopted.)

This Court has recognized that the relevant Ohio claim preclusion doctrine is set forth in *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379 (1995):

> In Ohio, a party seeking to invoke the doctrine of *res judicata* must prove four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a

>  second action arising out of the transaction or occurrence that was the
>  subject matter of the previous action.

*Ater v. Follrod*, 238 F. Supp. 2d 928, 937 (S.D. Ohio 2002)(Holschuh, J.), *quoting In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999)(construing Ohio law).

Because all of Plaintiffs' claims against Bank of America arise out of the same transaction as the foreclosure case involved, Bank of America asserts all of the claims made against it in this case are the subject of a compulsory counterclaim in the foreclosure case. Plaintiffs make no response and Bank of America's position is consistent with Ohio law as set forth above. Plaintiffs' Complaint should be dismissed on the basis of *res judicata.*

**Failure to State a Claim for Relief**

Bank of America asserts the Complaint fails to state a claim against it upon which relief can be granted. The standard for resolving such a claim is set forth at length in the PennyMac Report (ECF No. 38, PageID 370-73). Judged by the *Iqbal/Twombly* standard and as set forth in the PennyMac Report, the following claims for relief do not state a claim against Bank of America on which relief can be granted" Count One (Fair Credit Reporting Act), Count Two (Mail Fraud and Wire Fraud), Count Three (Fair Debt Collection Practices Act), Count Four (Federal Trade Commission Act), Count Five (fraud), Count Six (negligence), Count Ten (wrongful foreclosure), Count Eleven (breach of the implied covenant of good faith and fair dealing), Count Twelve (RICO), Count Thirteen (unjust enrichment), and Count Fourteen (to quiet title).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Bank of America Motion to Dismiss be GRANTED.

August 18, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).