# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES R. MULLINS, JR., et al.,

            Plaintiffs,    :    Case No. 3:16-cv-137

                            District Judge Walter Herbert Rice
- vs -                      Magistrate Judge Michael R. Merz

PENNYMAC LOAN SERVICES, LLC,
 Et al.,

            Defendants.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion to Dismiss of Defendant Laurito & Laurito, LLC ("Laurito") pursuant to Fed. R. Civ. P. 12(b)(6)(ECF No. 29). Plaintiffs oppose the Motion (ECF No. 32) and Laurito has filed a Reply Brief in Support (ECF No. 37).

This case is related to a foreclosure action in the Preble County Court of Common Pleas captioned *BAC Home Loans Servicing, LP v. James R. Mullins*, Case No. 09-CV-027935 (the "Foreclosure Action"). The Complaint pleads fifteen claims for relief labeled "Counts"; Laurito is named in eight of them (Counts 2, 3, 5, 6, 10, 11, 12, and 13) and seeks dismissal of all of those claims.

"The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or

1

merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation)

> ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545 (6th Cir. 2007). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

3

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678; *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *citing League of United Latin Am. Citizens. v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(stating allegations in a complaint "must do more than create speculative or suspicion of a legally cognizable cause of action; they must show entitlement to relief"); *see further Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009); *New Albany*

*Tractor v. Louisville Tractor*, 650 F.3d 1046 (6th Cir. 2011) (holding a plaintiff is not entitled to discovery to obtain the necessary plausible facts to plead.)

Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. . . . Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice."  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-630 (6th Cir. 2009).

## Analysis

**Count Two:  Mail and Wire Fraud**

In Count Two Plaintiffs assert Laurito violated 18 U.S.C. §§ 1341 and 1343 by committing respectively mail fraud and wire fraud (Complaint, ECF No. 2,  PageID 104-05, ¶¶ 147-50).

The statutes in question proscribe criminal conduct against the people of the United States.  Criminal claims for violation of Title 18 of the United States Code must be brought and prosecuted by the United States Government.  The Plaintiffs are not federal prosecutors and no court has held that the statutes in question create a private cause of action.  Count Two should therefore be dismissed.

**Count Three:  Fair Debt Collection Practices Act**

In Count Three, Plaintiffs assert Laurito is liable to them under the Fair Debt Collection Practices Act ("FDCPA")(Complaint, ECF No. 2, PageID 105-09, ¶¶ 151-69).

Laurito moves to dismiss the Third Count on the grounds it is barred by the one year statute of limitations for FDCPA claims and that it does not plead an FDCPA claim. Laurito notes that the FDCPA claims against it are focused in ¶ 165 of the Complaint which reads:

> 165. Laurito violated the FDCPA by knowingly falsifying the representation of the character, amount, and legal status of the mortgage note, by the use and distribution of written communication which simulated and falsely represented to be a document authorized and issued which created a false impression as to its source, authorization, or approval; by use of false representation or deceptive means to collect or attempt to collect any debt; and by the use of any business, company, or organization name other that the true name of the debt collector's business, company, or organization; and by unlawfully designing, compiling, and furnishing forms, i.e., an affidavit, knowing that form would be used to create a false belief.

(Complaint, ECF No. 1, PageID 107.)

In their combined Answer to the motions to dismiss of all Defendants, Plaintiffs did not respond to either the statute of limitations defense or the alleged inadequacy of pleading the FDCPA claim against Laurito (See ECF No. 32, PageID 335). Count Three should therefore be dismissed as to Laurito.

**Count Five:  Fraud**

In their Fifth Count, Plaintiffs seek to hold Laurito liable for common law fraud (Complaint, ECF No. 2,  PageID 112-15, ¶¶ 194-205).  Laurito asserts that this Count is also

6

barred by the statute of limitations and that Plaintiffs have failed to plead fraud sufficiently under Fed. R. Civ. P. 9(b)  (Motion, ECF No. 29, PageID 313-15).

Count Five is made under the common law of the State of Ohio.  A federal court exercising supplemental or diversity subject matter jurisdiction over state law claims must apply state substantive law to those claims.  28 U.S.C. § 1652; *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States).  In applying state law, the Sixth Circuit follows the law of the State as announced by that State's supreme court. *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008);  *Ray Industries, Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 758 (6th Cir. 1992);  *Miles v. Kohli & Kaliher Assocs.,* 917 F.2d 235, 241 (6th Cir. 1990). "Where the state supreme court has not spoken, our task is to discern, from all available sources, how that court would respond if confronted with the issue." *Id.*;  *In re Akron-Cleveland Auto Rental,  Inc.*, 921 F.2d 659, 662 (6th Cir. 1990); *Bailey v. V & O Press Co.*, 770 F.2d 601 (6th  Cir. 1985); *Angelotta v. American Broadcasting Corp.*, 820 F.2d 806 (1987).

As Laurito points out, the relevant statute of limitations for fraud claims is four years under Ohio Revised Code § 2305.09.  Given the date of Plaintiffs discovery of the allegedly fraudulent actions of Laurito, that four-year period has long since expired.  Plaintiffs make no response to the statute of limitations defense (Answer, ECF No. 32, PageID 335-36).  Count Five should therefore be dismissed as to Laurito as time barred.

Laurito also asserts the Complaint does not plead the elements of a fraud claim under Ohio law (Motion, ECF No. 29, PageID 314, citing *Russ v. TRW, Inc.*, 59 Ohio St. 3d 42 (1991)).

Under Fed. R. Civ. P. 9(b), a fraud plaintiff must plead the time, place, and contents of misrepresentation. *Bender v. Southland Corp.*, 749 F.2d 1205 (6th Cir. 1984). The elements of an action in actual fraud in Ohio are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54 (1987), *citing Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St. 3d 69, ¶2 of the syllabus (1986); and *Cohen v. Lamko, Inc*., 10 Ohio St. 3d 167 (1984).

Because the Complaint fails to plead these required elements of fraud with the particularity required by Fed. R. Civ. P. 9(b), Count Five should also be dismissed against Laurito for failure to state a claim against Laurito on which relief can be granted.

**Count Six:  Negligence**

In Count Six Plaintiffs seek to hold Laurito liable for negligence (Complaint, ECF No. 2, PageID 115-18, ¶¶ 206-15). Laurito asserts Count Six does not state a claim for negligence against them because they have never been Plaintiffs' attorneys and Ohio Supreme Court precedent precludes liability under those circumstances (Motion, ECF No. 29, PageID 315, *citing*

8

*LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St. 3d 323 (2007)).  Plaintiffs make no substantive response (See Answer, ECF No. 32, PageID 336).  Count Six should be dismissed as to Laurito.

**Count Ten:  Wrongful Foreclosure**

In Count Ten Plaintiffs assert liability against Laurito for wrongful foreclosure (Complaint, ECF No. 1, PageID 120-22, ¶¶ 232-40).  For reasons explained in the Report and Recommendations on the PennyMac Defendants' Motion to Dismiss, this Court lacks subject matter jurisdiction over this claim under the *Rooker-Feldman* Doctrine and the claim is also barred by *res judicata* (See Report, ECF No. 38).

**Count Eleven:  Breach of the Covenant of Good Faith and Fair Dealing**

In Count Eleven, Plaintiffs seek to hold Defendants, including Laurito, liable for breach of the so-called implied covenant of good faith and fair dealing (Complaint, ECF No. 1, PageID 122-23, ¶¶ 241-47).  As Laurito points out, the Complaint does not allege any contractual relationship between Plaintiffs and Laurito, which is a prerequisite for such a claim for relief (Motion, ECF No. 29, PageID 318).  Plaintiffs make no response.  Count Eleven should be dismissed for failure to state a claim against Laurito on which relief can be granted.

**Count Twelve:  Racketeer-Influenced and Corrupt Organizations Act**

9

In Count Twelve Plaintiffs seek to hold Defendants, including Laurito, liable for violation of the Racketeer-Influence and Corrupt Organizations Act (Complaint, ECF No. 1, PageID 52-53, ¶¶ 248-56). For the reasons set forth in the PennyMac Report (ECF No. 38, PageID 383), the Complaint does not adequately plead a claim for relief against Laurito under RICO and should therefore be dismissed.

**Count Thirteen:  Unjust Enrichment**

For the reasons also set forth in the PennyMac Report (ECF No. 38, PageID 384), Count Thirteen should also be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Laurito's Motion to Dismiss be granted in its entirety and the Complaint dismissed as to the Laurito law firm.

August 18, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).