# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES R. MULLINS, JR., et al.,

        Plaintiffs,    :    Case No. 3:16-cv-137

                District Judge Walter Herbert Rice
- vs -                Magistrate Judge Michael R. Merz

PENNYMAC LOAN SERVICES, LLC,
 Et al.,

        Defendants.    :

## REPORT AND RECOMMENDATIONS ON FEDERAL DEFENDANTS' MOTION TO DISMISS AND REGARDING UNSERVED AND UNIDENTIFIED DEFENDANTS

**Federal Defendants' Motion to Dismiss**

This case, brought pro se by Plaintiffs to seek redress for the foreclosure of the mortgage on their residence, is before the Court on Motion to Dismiss of Defendants Government National Mortgage Association (aka "Ginnie Mae") and the United States Department of Agriculture (collectively the "Federal Defendants")(ECF No. 47). The Motion was filed and served September 23, 2016. The Court then gave Plaintiffs notice that any memorandum in

1

opposition was due to be filed and served by October 17, 2016, the time regularly provided for responses to motions under S. D. Ohio Civ. R. 7.2  Plaintiffs have filed no opposition.

The Federal Defendants seek dismissal under Fed. R. Civ. P. 12(b)(1) on grounds the Court lacks subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) on grounds the Complaint fails to state a claim on which relief can be granted.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America*, 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot*, 3 U.S. 382 (1798).  The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908);  *Capron v. Van Noorden*, 6 U.S. 126 (1804);  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F.3d 653 (6th Cir. 2014).

The Federal Defendants argue this Court lacks subject matter jurisdiction because each of them is an agency of the sovereign, the United States of America, which may not be sued in either federal or state court without its consent.  That is to say, they participate in the sovereign immunity of the national government.

Under the traditional doctrine of sovereign immunity, the United States may not be sued without its consent. *Hercules, Inc., v. United States*, 516 U.S. 417 (1996); *Lehman v. Nakshian*, 453 U.S. 156 (1981). A waiver of sovereign immunity must be unequivocally expressed in statutory text. *FAA v. Cooper*, 566 U.S. ___, 132 S. Ct. 1441, 182 L. Ed. 2d 497 (2012), *citing*, e.g., *Lane v. Pena*, 518 U.S. 187 (1996). Any ambiguities are to be construed in favor of immunity. *United States v. Williams*, 514 U.S. 527 (1995). In order to sue the United States, a plaintiff must identify a waiver of sovereign immunity in order to proceed. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000), *citing Dalehite v. United States*, 346 U.S. 15, 30 (1953).

Challenged to present some evidence the United States has waived its immunity for this suit, Plaintiffs have completely failed to respond. Therefore the Federal Defendants Motion should be GRANTED and this action should be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction as to the Federal Defendants. This recommendation renders the Federal Defendants' Fed. R. Civ. P. 12(b)(6) Motion moot.

**Friendly Financial Services**

The Complaint names as a Defendant an entity named Friendly Financial Services, LLC, who allegedly acted as an agent of Plaintiffs and Defendant Bank of America in effectuating Plaintiffs' loan modification (Complaint, ECF No. 2, PageID 80-81). When filing suit, Plaintiffs caused process to be issue for service on Friendly Financial (ECF No. 3). On May 31, 2016, the United States Marshal's Service returned that process unexecuted (ECF No. 19). Plaintiffs then filed a corrected address for Friendly Financial and caused alias process to issue (ECF No. 24,

26).  That alias process was also returned unexecuted by the Marshal on August 25, 2016 (ECF No. 42).  No further process has issued as to Friendly Financial.

Fed. R. Civ. P. 4(m) provides that a case is to be dismissed as to a defendant who has not been served within ninety days of the filing of the complaint.  The Complaint in this case was filed on April 13, 2016, which is 178 days ago, or nearly twice the time provided by the Rule.  The Magistrate Judge therefore recommends that the Complaint as against Friendly Financial be DISMISSED WITHOUT PREJUDICE for lack of service of process unless Plaintiffs show good cause for the failure to service not later than the date on which objections to this Report and Recommendations are due (November 4, 2016).

**Anonymous Defendants**

The Complaint names as Defendants "All Persons Unknown, claiming any Legal or Equitable Right, Title, Estate, Lien, Or Interest in the Property Described in the Complaint Adverse to Plaintiffs' Title or Any Cloud on Plaintiffs' Title Thereto" and "Does 1-100, inclusive." (ECF No. 2, PageID 76.)  None of these parties have been identified or served with process.  Therefore, pursuant to Fed. R. Civ. P. 21, it is respectfully recommended that the Complaint should be dismissed as to them without prejudice.

**Finality**

If the Court adopts this Report, all claims made in this case will have been dismissed. The Court should therefore enter final judgment pursuant to Fed. R. Civ. P. 54.

October 18, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).